Opinion issued January 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00891-CV

                                          ———————————                  

LAW
OFFICES OF LIN & ASSOCIATES AND
DAWN LIN & ASSOCIATES, P.C., Appellants

V.

Memorial
Hermann Hospital System and
Seyed Mohammad Salimi, Appellees



 



 

On Appeal from County Civil Court at Law No. 1

Harris County, Texas



Trial Court Case No. 907162

 



 

MEMORANDUM OPINION

          This
case involves the allocation of insurance‑settlement proceeds between the
claimant’s former law firm and the hospital that treated him.  The trial court rendered judgment in favor of
the hospital, and the law firm appeals. 
We modify the trial court’s judgment and affirm.

Background

          The
appeal arises out of a traffic accident in which appellee Seyed Mohammad Salimi
was injured.  Salimi was a passenger in
his brother’s car, and the other vehicle was driven by Todd Fisher.  Salimi was treated by two different hospitals
associated with appellee Memorial Hermann Hospital System.  As a result of his treatment, Salimi incurred
$44,808.50 in medical expenses.  Memorial
Hermann Northwest Hospital timely filed a hospital lien with the Harris County
Clerk to secure its interest in any cause of action that Salimi might bring as
a result of the accident.  See Tex.
Prop. Code Ann. §§
55.001–.008 (West 2007).

          After
his discharge from the hospital, Salimi retained a lawyer to represent him
concerning his personal injuries.  The
lawyer negotiated a settlement agreement with Fisher’s insurer to tender the
policy limits of $25,000.  When Salimi
refused to sign a release, that lawyer withdrew from the representation.

Salimi subsequently contacted
appellant Law Offices of Lin & Associates (“Lin”) about filing suit against
Fisher, and Salimi signed a contingency‑fee agreement with Lin.  The fee proposed by Lin was “an undivided 33
1/3% interest in all money and things of value associated with Client’s claims,
causes of action, and requests for damages, if such are settled prior to the
filing of a lawsuit.”  Upon the filing of
a lawsuit, Lin’s fee increased to 40% of the recovery.  The agreement further provided for fee
increases to 45% “after a trial is commenced” and 50% “if a post-judgment
remedy . . . is filed.”  The agreement
provided in part that Lin would continue to claim its full interest in the
contingency fee even if it withdrew from the representation.

One day after the fee agreement was
executed, Lin filed a lawsuit against Fisher on Salimi’s behalf.  Fisher counterclaimed for breach of contract
based on his insurer’s prior acceptance of an offer to settle the claim for
policy limits.  Lin withdrew as Salimi’s
counsel, and the district court eventually rendered summary judgment that
Salimi take nothing and that the insurance settlement proceeds be subject to
all liens and subrogation interests.

          Lin
filed the current lawsuit against Salimi in county civil court at law, claiming
that its former client breached his contingency‑fee contract by
terminating the representation.  Lin
originally sought a declaration that it was entitled to an unspecified assigned
interest in Salimi’s recovery, along with actual damages, attorney’s fees,
costs, and interest.  Memorial Hermann
intervened in the suit, asserting its lien on the insurance proceeds through a
cross‑claim for a declaratory judgment, as well as a cross‑claim
for attorney’s fees.  Lin filed an
amended petition, in which it referred to itself as “Law Offices of Lin &
Associates as assignee of Seyed Mohammad Salimi” and named Memorial Hermann as
the defendant.  Lin claimed Memorial
Hermann’s hospital lien was defective and sought a declaration that it was
entitled to $8,333.33 of the insurance proceeds as its one‑third
contingency fee.

          The
case was tried to a jury, which rendered a verdict that Memorial Hermann’s
hospital lien contained all information required by statute, Memorial Hermann’s
reasonable expenses for providing treatment to Salimi were $44,808.50, a valid
contract for medical services existed between Memorial Hermann and Salimi, Lin
and Salimi did not have a valid contingency‑fee agreement, Salimi still
owed Memorial Hermann $16,666.66, and Memorial Hermann was entitled to
attorney’s fees.  The trial court
accepted the verdict and rendered judgment that Memorial Hermann had a valid
hospital lien for $48,808.50, that Memorial Hermann recover $16,666.66 from
Salimi out of the insurance proceeds, that Lin take nothing on its claims, and
that Memorial Hermann recover attorney’s fees from Lin.  The final judgment stated that it was
rendered against “Law Offices of Lin & Associates, a/k/a Dawn Lin &
Associates, P.C., also appearing ostensibly as Law Offices of Lin &
Associates as assignee of Seyed Mohammad Salimi.”  Dawn Lin & Associates, P.C. filed a postjudgment
plea to the jurisdiction on the grounds that it was never named in the lawsuit,
never served with process, and had never appeared.  The trial court never ruled on the plea to
the jurisdiction.

          A
notice of appeal was filed on behalf of two purported appellants, “Law Offices
of Lin & Associates as assignee of Seyed Mohammad Salimi” and “Dawn Lin
& Associates, P.C.”  A response brief
was filed by Memorial Hermann, but no response was filed by Salimi.

Analysis

I.                 
Sufficiency
of the evidence

In four of its six
issues, Lin challenges the legal and factual sufficiency of the evidence to
support various aspects of the trial court’s judgment.  In conducting a legal sufficiency,
or “no evidence” review, we consider the evidence in the light most favorable
to the trial court’s judgment, disregarding all evidence and inferences to the
contrary unless a reasonable fact-finder could not do so.  City of
Keller v. Wilson, 168 S.W.3d 802, 810–11 (Tex. 2005).  We do not disregard contrary evidence if (a)
there is no favorable evidence, or (b) contrary evidence renders supporting
evidence incompetent, or (c) contrary evidence conclusively establishes the
opposite.  Id. at 810–11.  In
determining whether the evidence was factually sufficient to support the trial
court’s judgment, we consider all the evidence and set aside the findings only
if we find that they are so contrary to the overwhelming weight of the evidence
as to be clearly wrong and manifestly unjust. 
See Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

The rules of appellate procedure
require that an appellant’s brief “must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.”  Tex. R. App. P. 38.1(i); see
Izen v. Comm’n for Lawyer Discipline, 322 S.W.3d 308, 321 (Tex. App.—Houston
[1st Dist.] 2010, pet. filed).  Rule 38
requires a party to provide a legal argument, including a discussion of pertinent
facts and supporting authorities so as to demonstrate the basis for the requested
relief.  See, e.g., Morrill v. Cisek,
226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Tesoro Petroleum Corp. v. Nabors Drilling
USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied).  In the context of a challenge
to the sufficiency of the evidence, these standards require, at a minimum, a
discussion of evidence related to the challenged finding and an argument
directly explaining the legal or factual inadequacy of such evidence.  See
Maranatha Temple, Inc. v. Enter. Products Co., 893 S.W.2d 92, 106 (Tex.
App.—Houston [1st Dist.] 1994, writ denied) (“When the appellant does not
provide us with argument that is sufficient to make an appellate complaint
viable, we will not perform an independent review of the record and applicable
law in order to determine whether the error complained of occurred.”) (citing
former Tex. R. App. P. 74(f)(2)).

a.    
Invalid
agreement

          In
issue two, Lin contends that the jury’s finding that Salimi and Lin did not
have a valid attorney‑client agreement regarding fees is based on legally
and factually insufficient evidence.  Lin points to
its written agreement with Salimi and two affidavits relating to that
agreement, but Lin does not identify or substantively address the other
evidence adduced at trial to support the jury’s finding that this agreement was
not valid.  Importantly in this regard, the
jury was instructed about mutual mistake and repudiation.

Lin’s brief contains
no briefing about legal standards for forming or repudiating a contract.  The brief contends a contract was formed, but
makes no contention relating to facts that may have supported a jury finding of
mutual mistake or repudiation.  Lin
asserts only that it “did nothing wrong in representing Salimi and Salimi did
not raise any affirmative defenses or provide any other evidence to show that
Lin was not entitled to its assigned interest in the settlement proceeds.”  The only other substantive point in Lin’s brief
is the assertion that one witness’s opinion testimony that Lin repudiated its
agreement with Salimi was conclusory and therefore amounted to no
evidence.  We conclude that Lin’s
challenge to the sufficiency of the evidence is waived due to inadequate
appellate briefing.  See Tex. R. App. P. 38.1(i).  We overrule issue two.

b.   
Amount of
hospital lien

In issue three, Lin argues that
evidence to support the amount of Memorial Hermann’s hospital lien is legally
and factually insufficient.  Lin argued
in his motion for new trial, and argues now on appeal, that expert testimony
was required to establish that all of the services rendered by Memorial Hermann
were caused by the accident.  It is
undisputed that no such expert testimony was presented at trial.

Property Code section 55.002(a)
provides in part that a “hospital has a lien on a cause of action or claim of
an individual who receives hospital services for injuries caused by an accident
that is attributable to the negligence of another person.”  Tex.
Prop. Code Ann. § 55.002(a)
(West 2007).  Even if it were the case
that this statute imposes upon the hospital the burden of proving which of its
services were necessary to treat a condition caused by the accident resulting
in the hospitalization—a question
which has not been adequately briefed in this appeal and which we do not decide—we conclude that any such error was not
preserved in the trial court.

The question posed to the jury was
as follows: “What sum of money, if paid now in cash, would fairly and
reasonably compensate Memorial Hermann Hospital System for the reasonable
expenses of necessary medical care provided to Seyed Mohammad Salimi as a
result of the October 14, 2005 accident?” 
Lin informed the trial court that it had no objection to this form of
charge, despite the fact that it did not ask the jury to exclude expenses that
were not legally caused by the accident. 
“[I]t is the court’s charge, not some other unidentified law, that
measures the sufficiency of the evidence when the opposing party fails to
object to the charge.”  Osterberg v. Peca, 12 S.W.3d 31, 55
(Tex. 2000).

The evidence at trial was legally
and factually sufficient to establish that Salimi incurred reasonable expenses
of $44,808.50 for necessary medical care provided by Memorial Hermann as a
result of the accident.  Lin does not
suggest otherwise.  But Lin’s complaint
that Memorial Hermann’s recovery depended upon expert testimony establishing a
link of causation between the accident and the medical services provided was
not preserved in the trial court, and it is therefore waived on appeal.  See
Tex. R. App. P. 33.1(a).  We overrule issue three.

c.     
Enforcement
of hospital lien

          In
issue four, Lin argues that evidence is legally and factually insufficient “to
award Memorial an interest in the settlement proceeds,” thereby attempting to
challenge the portion of the judgment that directly awards Memorial Hermann $16,666.66 from Salimi out of the
$25,000 insurance settlement.  Property
Code section 55.003(a) provides:

A lien under this chapter attaches to:

(1)  a cause of
action for damages arising from an injury for which the injured individual is
admitted to the hospital or receives emergency medical services;

(2)  a judgment
of a court in this state or the decision of a public agency in a proceeding
brought by the injured individual or by another person entitled to bring the
suit in case of the death of the individual to recover damages arising from an
injury for which the injured individual is admitted to the hospital or receives
emergency medical services; and

(3)  the
proceeds of a settlement of a cause of action or a claim by the injured
individual or another person entitled to make the claim, arising from an injury
for which the injured individual is admitted to the hospital or receives
emergency medical services.

Tex. Prop. Code Ann. § 55.003(a)
(West 2007).  Lin’s brief does not reference this
statute or discuss whether it entitles Memorial Hermann to an award directly in
the judgment once it established its lien. 
Nor does Lin discuss how the alleged error, if any, is harmful.  Instead, Lin’s argument consists of a series
of quotations from cases discussing liens, none of which involve hospital liens
and none of which address the specific issue raised in this case.  To the extent Lin contends issue four is
based on legal and factual sufficiency, it makes no substantive argument based
on the evidence.  Lin therefore has not
adequately briefed an argument based on the statutory hospital lien.  See
Tex. R. App. P. 38.1(i).  Accordingly, we overrule issue four.

d.   
Award of
attorney’s fees

          In issue five, Lin argues that the evidence is legally and factually
insufficient to support an award of attorney’s fees to Memorial Hermann.  On appeal, Lin argues that the only basis for
attorney’s fees was Rule 167 of the Texas Rules of Civil Procedure, the offer
of settlement rule.  Lin makes no
substantive legal argument based on legal and factual sufficiency of the
evidence.  Instead, Lin argues that Rule
167 should have not applied, but those arguments have been waived.  Lin did not object on that basis to the
submission of a jury question concerning attorney’s fees.  No argument
about the application of Rule 167 was made in Lin’s motion for JNOV or its
motion for new trial.  The complaint has
been waived.  See Tex. R. App. P. 33.1(a).  We overrule issue five.

II.              
Request
for findings of fact and conclusions of law

          In
issue six, Lin contends the trial court erred in not filing findings of fact
and conclusions of law.  See generally Tex. R. Civ. P. 296. 
Lin’s request to the trial court was nonspecific, asking the court
generally “to state, in writing, its findings of fact and conclusions of law .
. . with regard to any matters decided by the Court in the Judgment(s) &
Order(s) signed July 25, 2008.”  On
appeal, Lin claims the trial court was obligated to file findings and conclusions
on (1) whether the agreement between Lin and Salimi was
ambiguous, (2) whether Memorial Hermann was entitled to attorney’s
fees under Texas Rule of Civil Procedure 167, and (3) whether
Memorial Hermann had a statutory hospital‑lien interest in the settlement
proceeds.

          The
purpose of Texas Rule of Civil Procedure 296 is to give a party a right to
findings of fact and conclusions of law finally adjudicated after a
conventional trial on the merits before the court.  IKB
Indus. (Nig.) Ltd. v. Pro‑Line Corp., 938 S.W.2d 440, 442 (Tex.
1997); see Tex. R. Civ. P. 296 (“In any case tried in the district or
county court without a jury, any party may request the court to state in
writing its findings of fact and conclusions of law.”).  In other cases findings and conclusions are
proper, but a party is not entitled to them. 
IKB Indus., 938 S.W.2d at 442.  Findings and conclusions are required when an
appellate court must defer to them, i.e., a legally correct judgment based on
findings of fact made after a trial on the merits cannot be set aside if the
findings are supported by sufficient evidence. 
Id.  When an appellate court is not obligated to
give the same level of deference to the trial court, findings and conclusions
are not required.  Id.  The Texas Supreme Court
has also noted a practical reason for not requiring findings and
conclusions—they are often unnecessary and requiring them in every case would
be burdensome.  Id.

          Applying
the IKB Industries standard to the
three findings and conclusions to which Lin claims it is entitled, we hold that
the trial court was not required to file them. 
Each of the three were either submitted to the jury in the charge, or
involved a legal determination to which this Court is not required to defer to
the trial court.  Accordingly, we
overrule issue six.

III.          
Validity
of purported judgment against nonparty

          In
issue one, the appellants contend the trial court erred in rendering judgment
against Dawn Lin & Associates, P.C. (“DLA”).  The final judgment did not name DLA as a
separate party, but instead recited that the plaintiff/cross‑claim
defendant was “Law Offices of Lin & Associates, a/k/a Dawn Lin &
Associates, P.C., also appearing ostensibly as Law Offices of Lin &
Associates as assignee Seyed Mohammad Salimi.” 
DLA filed a postjudgment plea to the jurisdiction, claiming that DLA was
not a party to the suit and was never been served.  The appellate record contains no separate order overruling
this plea.  Treating the plea as a motion
to correct, modify, or reform the judgment, it was overruled by operation of
law after the expiration of 75 days.  See Tex.
R. Civ. P. 329b(c).

Memorial Hermann asks this Court to affirm a purported
finding of the trial court, supposedly memorialized in the final judgment, that
DLA is the successor in interest of Law
Offices of Lin & Associates.  We have
been directed to no evidence in the appellate record to support such a
finding.  Nevertheless, in support of its
argument, Memorial Hermann asks this Court to take judicial notice of an
assumed name certificate on file with the Harris County Clerk and articles of
incorporation on file with the Texas Secretary of State which purport to
establish that “Law Offices of Lin
& Associates” is an assumed name of Dawn Fu-Kuei Lin and that “Dawn Lin
& Associates, P.C.” is a domestic professional corporation with a
registered agent named Dawn Lin.  Even
if we were to take judicial notice of these alleged adjudicative facts, see Tex.
R. Evid. 201, they do not support a conclusion that DLA is a
successor-in-interest of or otherwise responsible for liabilities of Law Offices of Lin & Associates.

          The
trial court had no jurisdiction over DLA, and the final judgment’s reference to
DLA as an alias of Lin was error. 
Appellants request that this Court declare void the judgment against
DLA.  We construe this as a request for
modification of the judgment to eliminate the erroneous and unsupported
references to Law Offices of Lin & Associates as being “a/k/a,” i.e. “also
known as” Dawn Lin & Associates, P.C. 
So construed, we sustain issue one and grant the requested relief by
modifying the judgment accordingly.  See Tex. R. App. P. 43.2(b); Monk v. Pomberg, 263 S.W.3d 199, 208
(Tex. App.—Houston [1st Dist.] 2007, no pet.) (“When an appellant raises an
issue challenging a matter that may be resolved by the modification of the
trial court’s judgment, a court of appeals may modify the trial court’s
judgment.”).




 

Conclusion

          We
modify the trial court’s judgment to delete references to appellant Law Offices
of Lin & Associates as being also known as Dawn Lin & Associates,
P.C.  As so modified, the judgment of the
trial court is affirmed.  See Tex. R. App. P. 43.2(b).

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Massengale and Nuchia.