**Opinion issued August 10, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00825-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**JARED WALDHOFF, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-75104**

---

## MEMORANDUM OPINION

Appellant, City of Houston (the "City"), challenges the trial court's judgment

reversing the administrative decision that appellee, Jared Waldhoff, had violated

Houston Airport System ("HAS")[1] Operating Instruction 05-03 Violation 54 ("Rule 54") and the consequent permanent revocation of Waldhoff's HAS Security Identification Direct Access ("SIDA") badge. In its sole issue, the City contends that the trial court erred in reversing the administrative decision and reinstating Waldhoff's SIDA badge.

We modify the trial court's judgment and affirm as modified.

## Background

In his original petition, Waldhoff alleged that he was "an airplane mechanic licensed by the Federal Aviation Administration" and was "employed by Southwest Airlines" in Houston, Texas "for approximately two and one-half years." As a condition of his employment, Waldhoff was "required to hold a [SIDA] badge." HAS issued a SIDA badge to Waldhoff at the start of his employment at William P. Hobby Airport in Houston.

According to Waldhoff, the SIDA badge gave him permission "to work in the 'sterile' area of the [airport] terminal—meaning the areas of the terminal that c[ould] only be reached by the general public after going through a [Transportation Security Administration ('TSA')] passenger screening checkpoint."[2] SIDA badge holders

---

[1]     HAS is a "City of Houston department responsible for [the] operation of the City-owned airports." HAS Operating Instruction 05-03 ¶ VI(20).

[2]     HAS Operating Instructions define "sterile area" as "[a] portion of an airport defined in the airport security program that provides passengers access to boarding aircraft and to which the access generally is controlled by [the] TSA, or by an aircraft

could enter the sterile area of the terminal without going through a TSA passenger screening checkpoint to use the food court, restaurants, shops, and other services. But SIDA badge holders who were scheduled to travel on a flight through an HAS airport were still required to go through a TSA passenger screening checkpoint before boarding their flight.

Waldhoff alleged that he "was scheduled to board a flight to Indianapolis, Indiana" on September 5, 2019 at approximately 8:40 a.m. He had worked a shift that began the night before at 10:15 p.m. and ended about at 7:28 a.m., about an hour before his boarding time.

After Waldhoff "clocked out," he entered the sterile area of the airport with his travel bag. "[J]ust inside" the door he used to enter the sterile area, he encountered "two TSA checkpoint [officers]." Waldhoff "explained to the TSA officers that he had just left work and was going to fly to Indianapolis. [The] TSA [officers] then searched his bag and cleared it."

Waldhoff asked the officers if that search "was sufficient for him to board his flight," and "[h]e was told that he still needed to proceed" to the central TSA passenger screening checkpoint. The TSA officers "then allowed him to proceed through the sterile area of the terminal to go to the central TSA passenger [screening]

---

operator under [Code of Federal Regulations Title 49 section 1544] or a foreign air carrier under [Code of Federal Regulations Title 49 section 1546], through the screening of persons and property." HAS Operating Instruction 05-02 ¶ IV(B)(38).

3

checkpoint." Waldhoff went through the TSA central passenger screening checkpoint, went to his departure gate for boarding, and took his trip.

On September 9, 2019, Waldhoff was summoned to an HAS security office, where "he was issued HAS Notice of Violation 11082" ("NOV 11082"), which "charg[ed] him with violating [Rule 54]." Rule 54 is violated if

> [a]n airline employee including, but not limited to, [f]light [c]rew, [c]abin [c]rew, mechanic or any other employee boarding or attempting to board an aircraft as a passenger or any individual not specifically designated or acting as an active crew member for the flight that accessed the sterile area through an access point other than a TSA screening checkpoint.

On September 13, 2019, a hearing was held on the violation alleged in NOV 11082, and the HAS hearing officer "sustained the violation." As a result, HAS revoked Waldhoff's SIDA badge. Because he no longer had a SIDA badge, Waldhoff was "terminated from his employment with Southwest Airlines, and [wa]s permanently prohibited from working at any major airport in the Houston area."

Waldhoff brought claims against the City challenging the administrative decision that he violated Rule 54 and the revocation of his SIDA badge.[3] Waldhoff asserted that his actions on September 5, 2019 did not violate Rule 54 "as a matter

---

[3] Waldhoff also brought claims against HAS, but as previously noted HAS is a "City of Houston department responsible for [the] operation of the City-owned airports." HAS Operating Instruction 05-03 ¶ VI(20); *see also Gyves v. City of Houston*, Civil Action No. H-18-0891, 2018 WL 5621497, at *1 (S.D. Tex. Oct. 30, 2018) (mem. op. and order) (noting plaintiff sued City based on HAS's conduct).

4

of law." And he brought a claim under 42 U.S.C. § 1983 based on assertions that HAS had violated his procedural and substantive due process rights afforded by the United States and Texas Constitutions.

The City removed Waldhoff's suit to federal district court, then moved to dismiss the suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief could be granted.[4] The federal district court granted the motion as to Waldhoff's federal constitutional and statutory claims and remanded the case to the trial court for adjudication of his remaining claim challenging the administrative decision that he violated Rule 54 and the revocation of his SIDA badge.[5]

Following remand, Waldhoff filed a brief in support of administrative appeal, requesting that the trial court "overturn HAS's [hearing officer's] determination that he violated a [HAS] policy and reinstate his [SIDA] badge, or in the alternative, remand the matter for a new trial or hearing." According to Waldhoff, "HAS's undisputed evidence at the hearing established that on September 5, 2019, Waldhoff went through . . . two TSA [passenger] screening checkpoints before he boarded or

---

[4]      *See* FED. R. CIV. P. 12(b)(1), (6); *see also Waldhoff v. City of Houston*, No. H-19-4301, 2020 WL 8771688, at *1–3 (S.D. Tex. May 29, 2020) (mem. op.).

[5]      *See Waldhoff*, 2020 WL 8771688, at *1–10; *see also Waldhoff v. City of Houston*, 838 Fed. Appx. 895, 895–96 (5th Cir. 2021) (affirming federal district court's decision).

attempted to board his flight as a passenger." Waldhoff pointed out that by municipal ordinance, the HAS director was required to establish procedures for the suspension and revocation of SIDA badges "consistent with any applicable laws and regulations."[6] Once issued, the SIDA badge was subject to revocation only for "violation of applicable laws and regulations."[7]

In its response, the City asserted, among other things, that HAS's hearing officer's "findings and decisions [we]re supported by substantial evidence."

Waldhoff, in his reply, maintained that "[n]o reasonable person could have reached the finding of . . . [HAS's] hearing [officer] based on a proper interpretation and application of Rule 54 and the evidence in the record." Waldhoff noted that the City had "admit[ted] that Waldhoff submitted himself to a TSA [passenger] screening checkpoint immediately upon entering the secure area of the airport, and that . . . TSA [officers] specifically permitted Waldhoff to walk through the secure area of the airport to reach the [central TSA passenger screening checkpoint]." He also pointed out that the TSA, in its own review of Waldhoff's conduct on September 5, 2019, found that Waldhoff had not "violated any airport safety provision because he submit[ed] [him]self and [his] property to [the] TSA at the passenger screening checkpoint before boarding [his] flight." (Internal quotations omitted.) And

---

[6]     Houston, Tex., Code of Ordinances, ch. 9, art. 3, § 9-113(a) (2002).

[7]     *Id.* § 9-113(a)(1).

Waldhoff observed that while "Rule 54 prohibit[ed] an airline employee from boarding or attempting to board an aircraft as a passenger [who] accessed the sterile area through an access point other than a TSA [passenger] screening checkpoint," the only evidence in the record was that Waldhoff "encountered . . . TSA [officers] and submitted himself to screening by them" upon entry into the sterile area before he proceeded to the central TSA passenger screening checkpoint for screening. (Internal quotations omitted.) Because he "did not board or attempt to board his flight until he went through [the] TSA central passenger screening [checkpoint]," Waldhoff argued that he did not violate Rule 54.

At a hearing on Waldhoff's administrative appeal of HAS's hearing officer's decision, Waldhoff requested that the trial court interpret the meaning of Rule 54, including determining that a Rule 54 violation "require[d] that a covered person actually board[] or attempt[] to board an aircraft as a passenger without first going through a TSA [passenger screening] checkpoint." Waldhoff asserted that a determination that he had violated Rule 54 "require[d] an objective" finding that he had boarded or attempted to board an aircraft as a passenger before he went through a TSA passenger screening checkpoint because, as the holder of a SIDA badge, he "was entitled to go in the airport, go into the security area, the sterile area of the airport" to use "the bathroom, . . . access shops, . . . and walk throughout the airport." Waldhoff also requested that the trial court "apply [its] interpretation of

7

Rule 54 to the undisputed facts" and "determine that . . . Waldhoff [had] not violate[d] Rule 54 as a matter of law."

In its final judgment, the trial court declared:

> Having considered the arguments of counsel, the briefs submitted, and the administrative record, the Court concludes that [Waldhoff's] appeal is well-founded and that . . . [HAS's hearing officer's] finding that [Waldhoff] violated [Rule 54] [wa]s not supported by substantial evidence nor [wa]s it free from legal error.

Based on those conclusions, the trial court reversed the administrative decision that Waldhoff had violated Rule 54 and the permanent revocation of Waldhoff's SIDA badge, and it ordered that Waldhoff's SIDA badge be reinstated, with such reinstatement retroactive to September 13, 2019.

## Scope and Standard of Review

HAS promulgated its Operating Instructions for its enforcement of "various laws, ordinances, policies, procedures, rules, and regulations." HAS Operating Instruction 05-03, ¶ I. As to airport tenants, which include the airlines operating at each HAS airport, HAS's Operating Instructions (1) explain HAS's system for enforcing compliance with the applicable laws; (2) identify "the persons authorized to issue" a notice of violation, which is the "charging instrument" used for an administrative violation; (3) identify the violations; (4) "assign consequences to such violations"; and (5) "provide a means of providing for due process to those charged." *Id.* Among other things, the HAS Operating Instructions address

8

requirements relating to the SIDA badges that all airport workers are required to obtain and display while working at HAS sites. *See generally* HAS Operating Instruction 05-02; *see also* 49 C.F.R. §§ 1540, 1542.

If an airport tenant or its agent contests a notice of violation, a hearing is held before an appointed hearing panel or hearing officer. HAS Operating Instruction 05-03, ¶ IX. Such hearing is "restricted to the question of whether or not the alleged violator committed the offense." *Id.* ¶ IX(C). The decision of the hearing panel or hearing officer "is final and non-appealable as to the facts and the sanctions imposed." *Id.* ¶ IX(Z). The HAS Operating Instructions prohibit "any hearing on any question of law, mitigation, probation or reduction of sanction." *Id.* ¶¶ IX(D). But they allow for "[a]ny challenge as to questions of law" to be "be heard in a civil court of competent jurisdiction in Harris County, Texas." *Id.*

In most administrative proceedings, a party dissatisfied with an administrative final order may appeal the decision by filing suit in a trial court for review under the substantial-evidence rule. TEX. GOV'T CODE ANN. § 2001.174; *R.R. Comm'n v. WBD Oil & Gas Co.*, 104 S.W.3d 69, 75 (Tex. 2003). Here, though, HAS's hearing officer's findings of fact are final and nonappealable. *See* HAS Operating Instruction 05-03, ¶ IX(Z).

To the extent that the City's appeal of the trial court's ruling encompasses a question of law, we review that question de novo, although "an agency's

interpretation of a statute it is charged with enforcing is entitled to 'serious consideration.'" *R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011).

**Waiver**

In its sole issue, the City argues that the trial court erred in reversing the administrative decision and reinstating Waldhoff's SIDA badge retroactively to September 13, 2019 because "reliable and probative evidence" before HAS's hearing officer supported the conclusion "that some reasonable basis exist[ed] in the record for [HAS's hearing officer's] action."

But, as noted above, we may not review the sufficiency of the evidence, and the City makes no argument to challenge the trial court's conclusion that HAS's hearing officer's finding that Waldhoff violated Rule 54 was not "free from legal error." Generally, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment. *Sosa v. Auto Club Indem. Co.*, No. 01-21-00312-CV, 2022 WL 3722396, at *5 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, pet. denied) (mem. op.); *D & M Marine, Inc. v. Turner*, 409 S.W.3d 693, 697 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *see also Fairfield Indus., Inc. v. EP Energy E&P Co.*, 531 S.W.3d 234, 253 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (overruling appellant's issue after concluding that appellant did not brief argument challenging each independent summary judgment

ground). The reasoning is that if an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then we must accept the validity of that unchallenged independent ground. *Britton v. Tex. Dep't Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2022, no pet.). Thus, any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment. *Id.* Because the City fails to challenge the alternate ground for the trial court's ruling, we hold that it has waived any error.

We overrule the City's sole issue.

### Modification of Judgment

We have the authority to modify the trial court's judgment when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b) (providing appellate court may modify trial court's judgment and affirm as modified); *Nolden v. Crescent Health & Rehab. Ctr.*, No. 01-21-00132-CV, 2022 WL 3970064, at *11 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022) (mem. op.); *see also Monk v. Pomberg*, 263 S.W.3d 199, 208 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Here, the trial court's judgment concludes, in part, that HAS's hearing officer's finding that Waldhoff violated Rule 54 was "not supported by substantial evidence." As we have noted, HAS's Operations Instructions make the hearing officer's findings of fact unreviewable, so a substantial-evidence review was not

11

appropriate. Thus, we modify the trial court's judgment to omit the phrase "supported by substantial evidence nor is it," so that it reads as follows:

> Having considered the arguments of counsel, the briefs submitted, and the administrative record, the Court concludes that Jared Waldhoff's appeal is well-founded and that the City of Houston Adjudication Hearing Officer's finding that Jared Waldhoff violated Houston Airport System Operating Instruction 05-03 Violation 54 ("Rule 54") is not free from legal error; therefore, the sustaining of charge NOV #11082 against Jared Waldhoff by the Adjudication Hearing Officer and the resultant sanction imposed by the City of Houston are and should be REVERSED.

*See* TEX. R. APP. P. 43.2(b).

## Conclusion

We affirm the judgment of the trial court as modified.

Julie Countiss
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

12