FORT BEND COUNTY & Kendleton
Independent School District,
Appellants,

v.

Elsie MARTIN–SIMON, Appellee.

No. 01–04–00535–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 2005.

Damon Dawain Edwards, Michael J. Siwierka, Linebarger Goggan Blair & Sampson, LLP, Houston, Ernest C. Garcia, and Kent M. Rider, Linebarger, Groggan, Blair, Pena & Sampson, LLP, Austin, for Appellant.

Betsy L. Grubbs, Houston, for Appellee.

Jeffrey Ode Webb, Richmond, for Ad Litem.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

TIM TAFT, Justice.

In this appeal, appellants, Fort Bend County and Kendleton Independent School District ("the taxing entities"), challenge the trial court's entry of a declaratory judgment in favor of appellee, Elsie Mar-

tin–Simon. We determine whether (1) the trial court possessed subject-matter jurisdiction to enter the declaratory judgment; (2) the trial court possessed subject-matter jurisdiction to enter an award for attorney's fees; (3) appellants had standing to attack the trial court's award of attorney's fees directly to the Teltschik Law Firm, Elsie Martin–Simon's attorneys; and (4) the trial court erred in awarding Elsie Martin–Simon all writs and processes necessary for the collection and enforcement of the judgment. We affirm.

## Factual and Procedural Background

On August 1, 1991, Lloyd C. Martin deeded his interest in a tract of land in Elizabeth Powell League to his four children in equal parts. On July 1, 1995, Lloyd C. Martin died.

On March 19, 1998, the taxing entities sued Lloyd C. Martin and any unknown heirs for delinquent taxes in cause number 103880. That suit alleged that taxes were due for property described as an undivided interest of 36.52 per cent in 31.5 acres in Elizabeth Powell League for the years 1977, 1978, and 1984 through 1991. On the same date, in cause number 103882, the taxing entities sued Elsie Martin–Simon for delinquent taxes on an undivided 25 per cent of the same 31.5 acres in Elizabeth Powell League from 1990 through 1997. In October 1998, Elsie Martin–Simon paid the delinquent taxes for which she had been sued in cause number 103882. That suit was subsequently dismissed.

On October 12, 2001, Elsie Martin–Simon filed an answer and counterclaim in cause number 103880, the suit against her deceased father and any unknown heirs, alleging the affirmative defenses of payment, accord and satisfaction, and release. Three days later, the taxing entities filed an amended pleading in cause number 103880, adding Lloyd C. Martin's children as defendants. In January 2002, the taxing entities filed, and the trial court granted, a motion for non-suit in cause number 103880.

On January 30, 2004, the trial court entered a declaratory judgment in cause number 103880 in favor of Elsie Martin–Simon, stating that the ad valorem taxes as to her 25 per cent undivided interest in the property conveyed to her by her father had been fully paid through December 31, 2004. The trial court also awarded Elsie Martin–Simon $10,000 for trial fees, and an additional $30,000 and $50,000 for successful appeals to the Court of Appeals and Texas Supreme Court, respectively. It is from this judgment in cause number 103880 that the taxing entities appeal.

## Jurisdiction

In their first issue, the taxing entities contend that the trial court lacked subject-matter jurisdiction to enter a declaratory judgment in cause number 103880 because the declaration merely clarified Elsie Martin–Simon's rights with respect to the previous judgment in cause number 103882. The taxing entities also contend that the trial court lacked subject-matter jurisdiction to enter the declaration because Elsie Martin–Simon's counterclaim sought no relief beyond a declaration that the plaintiffs' claims were unfounded, which was merely a restatement of her answer and was not a separate claim for relief. Finally, the taxing entities assert that the trial court lacked subject-matter jurisdiction over the declaratory judgment cause of action because they enjoy governmental immunity from suit.

The purpose of a declaratory action is to establish existing rights, status, or other legal relations. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *Republic Ins. Co. v. Davis*, 856

S.W.2d 158, 164 (Tex.1993). The Declaratory Judgments Act ("the Act") is "remedial" only. *Bonham State Bank,* 907 S.W.2d at 467. The Act does not confer additional substantive rights upon parties. Nor does it confer additional jurisdiction on courts. *Rush v. Barrios,* 56 S.W.3d 88, 105 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). Whether a court has subject-matter jurisdiction to consider an action for declaratory judgment depends upon whether the underlying controversy falls within the constitutional and statutory jurisdiction of that court. "The provisions of [the Act] authorizing the bringing of suit for a declaratory judgment, do not in any way change the law as to jurisdiction of Texas courts." *Connor v. Collins,* 378 S.W.2d 133, 134 (Tex.Civ.App.-San Antonio 1964, writ dism'd).

▆▆ A declaratory judgment is appropriate only if there is a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy. *Bonham State Bank,* 907 S.W.2d at 467. "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bexar–Medina–Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n,* 640 S.W.2d 778, 779–80 (Tex. App.-San Antonio 1982, writ ref'd n.r.e.); *Chapman v. Marathon Mfg. Co.,* 590 S.W.2d 549, 552 (Tex. Civ. App.-Houston [1st Dist.] 1979, no writ).

▆▆ The taxing entities first contend that the trial court lacked subject-matter jurisdiction to enter the declaratory judgment because the declaration merely interpreted or clarified Elsie Martin–Simon's rights with respect to the previous judgment rendered in cause number 103882; thus, appellants contend that no justiciable controversy existed between themselves and Elsie Martin–Simon because her request for a declaration concerned an interest in property not the subject of cause number 103880.

Despite the taxing entities' contention that the trial court's declaratory judgment merely clarified payment of taxes in cause number 103882, a suit concerning a different property interest, the record reflects otherwise. First, Elsie Martin–Simon did not seek a declaration merely as to the meaning of the judgment in cause number 103882. On January 30, 2004, the trial court held a hearing at which the taxing entities failed to appear. During that hearing, Elsie Martin–Simon testified that she owned an undivided one-fourth interest in property deeded to her by her father and that she had previously been sued by the taxing entities. She requested that the trial court enter a declaration stating that she had paid all of the taxes owed on the property through the end of 2004. The final judgment reflected this testimony and stated that Elsie Martin–Simon had an interest in the tract of land and that the taxes had been fully paid through the end of year 2004. This declaration went beyond the matters upon which the taxing entities had sued in cause number 103882.

Moreover, a justiciable controversy did exist between Elsie Martin–Simon and the taxing entities. In 1991, Lloyd C. Martin deeded all of his interest in the tract of land in question to his four children in equal parts. Elsie Martin–Simon had no interest in, or liability for, the property prior to August 1, 1991. However, the record reflects that Elsie Martin–Simon had tendered payment for taxes assessed on the property during 1990 and 1991. Therefore, an overlap in subject matter existed in causes 103880 and 103882 concerning taxes assessed on the tract of land in 1990 and 1991. Thus, a justiciable con-

troversy existed in cause number 103880 regarding Elsie's liability for delinquent taxes assessed during years 1990 and 1991 because she had already paid the taxes for those years in cause number 103882.

The taxing entities also contend that the trial court lacked subject-matter jurisdiction to enter the declaratory judgment because Elsie Martin–Simon's request for declaratory judgment was redundant to the denial of the plaintiffs' claims, as expressed in her answer. Again, the transcript of the hearing in the trial court and the final judgment reflect that Elsie Martin–Simon sought more than the "mere denial" that she asserted in her answer: the trial court declared that Elsie Martin–Simon had paid all of the taxes due and owing on the property, not only for the years on which the suit was based, but through the end of 2004; it also identified her interest in the property.

■■■■ Finally, in their reply brief, the taxing entities assert that Elsie Martin–Simon's declaratory judgment cause of action is barred by governmental immunity from suit. Under the doctrine of governmental immunity, a unit of government may not be sued without the express consent of the Legislature. *Thayer v. Houston Mun. Employees Pension Sys.,* 95 S.W.3d 573, 576 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Scott v. Prairie View A & M Univ.,* 7 S.W.3d 717, 719 (Tex. App.-Houston [1st Dist.] 1999, pet. denied). We defer to the Legislature to waive immunity from suit because the Legislature is better suited than the courts "to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must bear." *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854 (Tex.2002). Such immunity, generally, serves to protect the State and its governmental units from lawsuits for money damages. *Gen. Serv. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 594 (Tex.2001). This immunity also protects the State and its governmental units from lawsuits that seek to control their lawful actions by a final judgment made by a court of law. *Tex. Mun. Power Agen. v. Pub. Util. Comm'n,* 100 S.W.3d 510, 515 (Tex.App.-Austin 2003, pet. denied).

■■■■ In the absence of a waiver of governmental immunity, a court has no subject-matter jurisdiction to entertain a suit against a governmental unit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). When a trial court learns that it lacks jurisdiction to hear a cause, the court must dismiss the cause and refrain from rendering a judgment on the merits. *Freedman v. Univ. of Houston,* 110 S.W.3d 504, 506 n. 5 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

However, the Texas Supreme Court has noted that certain declaratory judgment actions do not implicate the doctrine of governmental immunity. *See, e.g., Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994) (declaratory judgment action to determine proper construction of compulsory school-attendance law); *Tex. Highway Comm'n v. Tex. Ass'n of Steel Importers, Inc.,* 372 S.W.2d 525, 530 (Tex. 1963) (holding legislative consent not required for declaratory judgment suit against Highway Commission to determine parties' rights). Most pertinently, the Texas Supreme Court has held that legislative consent is not required for a declaratory judgment suit against the State Comptroller to determine parties' rights under a tax statute. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 712 (1945). The governmental immunity doctrine is not implicated in such actions because they do not attempt to subject the State to liability. *IT–Davy,* 74 S.W.3d at 855. Ac-

cordingly, Texas courts "distinguish suits to determine a party's rights against the State from suits seeking damages," and "[a] party can maintain a suit to determine its rights without legislative permission." *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 404 (Tex.1997). Governmental immunity is not applicable in this case because Elsie Martin–Simon's request for a declaratory judgment lies squarely within the category of suits to determine rights under a tax statute for which legislative permission is not required.

We overrule the taxing entities' first issue.

## Factual Sufficiency

In their second issue, the taxing entities contend that the evidence is factually insufficient to support the trial court's declaration that Elsie Martin–Simon paid all of the taxes owed on her 25 per cent interest in the property through December 31, 2004.

We need not address this issue because appellants have withdrawn it in their reply brief.

## Subject–Matter Jurisdiction to Award Attorney Fees

In their third issue, the taxing entities contend that the trial court lacked subject-matter jurisdiction to award attorney's fees because it lacked subject-matter jurisdiction to enter the declaratory judgment. Appellants also contend that the trial court's award of fees was not reasonable, necessary, equitable, or just.

 The granting of attorney's fees in a declaratory judgment action lies within the sound discretion of the trial court and will not be overturned on appeal absent a clear showing that the court abused its discretion. *Indus. Structure & Fabrication, Inc. v. Arrowhead Indus. Water,*

*Inc.*, 888 S.W.2d 840, 844 (Tex.App.-Houston [1st Dist.] 1994, no pet.). A party bringing a counterclaim may recover attorney's fees under the Declaratory Judgments Act if its counterclaim is more than a mere denial of the plaintiff's cause of action. *Id.*

 Because we have held that the trial court possessed subject-matter jurisdiction to enter the declaratory judgment, we also hold that the trial court did not lack subject-matter jurisdiction over Elsie Martin–Simon's request for attorney's fees for the reason that the taxing entities argue. *Id.* Because we have held that Elsie Martin–Simon's counterclaim constituted more than a "mere denial" of the taxing entities' cause of action, the trial court did not lack subject-matter jurisdiction over Elsie Martin–Simon's request for attorney's fees for the reason that the taxing entities argue. *See id.*

 The trial court heard uncontroverted testimony from Mr. Bradt, Elsie Martin–Simon's attorney, regarding reasonable and necessary attorney fees prior to making the award. Mr. Bradt testified that he had expended approximately 25 hours on this case and, that in light of his experience, ability, and reputation, that his rate was reasonable. The trial court's judgment will not be reversed on appeal absent a clear showing of abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455–56 (Tex.1985). Given this testimony, we cannot say that the trial court abused its discretion in awarding fees.

We overrule the taxing entities' third issue.

 In their fourth issue, the taxing entities contend that the trial court erred in awarding attorney's fees directly to the Teltschik law firm because that law firm was not named as Elsie Martin–Simon's attorney of record in the trial below and

because Elsie Martin–Simon did not seek to have the fees awarded directly to the firm in her pleading.

■ A claim for attorney's fees belongs to the litigant, not to his attorney. *Graco, Inc. v. CRC, Inc. of Tex.*, 47 S.W.3d 742, 746 (Tex.App.-Dallas 2001, pet. denied). Although attorney's fees should be awarded to a party, rather than her attorney, a defendant who has been ordered to pay attorney's fees has no standing to complain if fees are awarded directly to the claimant's attorney. *Id.; Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 755–56 (Tex.App.-Amarillo 1992, writ denied). Thus, the taxing entities do not have standing to complain about the trial court's award of attorney's fees directly to the Teltschik Law Firm.

We overrule the taxing entities' fourth issue.

### Enforcement of the Judgment

■ In their fifth issue, the taxing entities contend that the trial court erred in awarding all writs and processes necessary for collection and enforcement of the judgment against them.

■ Political subdivisions of the State performing governmental functions are exempt from execution or garnishment proceedings. *Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 912 (Tex.1974) (execution may not be issued on a judgment against a county). Instead, mandamus is the proper remedy by which a judgment can be enforced against a political subdivision of the state. *Id.* at 912 (citing *National Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690 (Tex.1968)). Through mandamus, the political subdivision can be directed to levy and to collect sufficient taxes to satisfy judgments outstanding against the entity when there are not sufficient funds on hand. *Id.*

Awarding Elsie Martin–Simon the right to execute the judgment was error, but not reversible error, because this Court has the authority to modify the judgment. *See Angelina County v. Bond*, 16 S.W.2d 338, 340 (Tex.Civ.App.1929).

### Conclusion

We modify the judgment to excise the language allowing such writs as necessary for collection and affirm the judgment as so modified.