Opinion issued July 20, 2006 










            






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01170-CV
____________

ANDREW J. LANNIE, Appellant

V.

EMMONS & JACKSON, P.C., DONALD HARVEY, and STEVE HEBERT,
Appellees



 
On Appeal from the 113th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2004-50703

 
 
MEMORANDUM OPINION
          Appellant, Andrew J. Lannie, challenges the trial court’s rendition of summary
judgment in favor of appellees, Emmons & Jackson P.C., Donald Harvey, and Steve
Hebert, in his declaratory judgment action to establish the current indebtdness owed
to appellees under a prior judgment. In three issues, Lannie contends that the trial
court erred in granting appellees’ motion for summary judgment, in awarding
attorney’s fees to appellees, and in granting summary judgment on a separate claim
for affirmative relief not addressed. 
          We affirm.
Factual and Procedural BackgroundIn 1993, Harvey asked Hebert, an attorney, to represent him in connection with
a personal injury claim. Hebert, unable to accept the representation because of an
extended trip, referred the matter to Lannie, who filed suit on behalf of Harvey. The
parties agreed that Harvey would receive two-thirds of all proceeds recovered by trial
or settlement of the matter and Hebert and Lannie would split the remaining one-third
of the proceeds. On January 23, 1996, Lannie settled the lawsuit on behalf of Harvey
for $100,000, with $50,000 to be paid at once, and the remaining $50,000 to be paid
out at $833.33 per month for sixty months. Thereafter, Hebert and Harvey alleged
that Lannie pocketed the proceeds of the settlement, neither distributing Hebert’s
referral fee nor Harvey’s personal injury award.
           In 1997, Harvey and Hebert sued Lannie for breach of contract and fraud in
regard to his failure to disburse payments that Lannie had received on account of the
settlement.


 On August 27, 1997, Harvey also obtained from the court in which his
personal injury case had previously been filed an order requiring that the settlement
payments from his personal injury case be sent directly to his new counsel, William
Emmons, as trustee. Emmons was to disburse the settlement payments at a rate of
67% to Harvey and 33% to Hebert. On March 24, 1998, Harvey and Hebert, in their
breach of contract and fraud action, obtained a judgment against Lannie. The trial
court awarded Harvey $26,666.63 and Hebert $9,375 in damages for Lannie’s breach
and also awarded Hebert $4,621.26 for attorney’s fees, all compounded by 10% post-judgment interest. 
          In 2002, after Lannie filed a Chapter 7 bankruptcy proceeding, Harvey and
Hebert filed a claim against Lannie’s estate in the amount of the 1998 judgment.


 
During the bankruptcy proceedings, Harvey testified that Lannie still owed him
“around $9,000” of the settlement proceeds and Hebert testified that Lannie owed him
“probably $10,000 or $11,000” of the agreed referral fee. Lannie asserts that, despite
this testimony, by a letter dated July 21, 2004, Emmons & Jackson, P.C., as counsel
for Harvey and Hebert, subsequently made a demand upon Lannie for the total sum
of $61,000.00.
          On September 15, 2004, Lannie filed the instant declaratory judgment action
seeking a “judgment declaring the remaining obligations or indebtedness, if any,
owed by [Lannie]” under the 1998 judgment and an accounting of all sums recovered
by appellees. Appellees filed a summary judgment motion asserting that Lannie’s suit
constituted an impermissible collateral attack on a prior judgment. On August 16,
2005, the trial court granted appellees’ motion, dismissing Lannie’s declaratory
judgment suit and ordering Lannie to pay appellees attorney’s fees of $1,815. 
Standard of Review
          To prevail on a rule 166a(c)summary judgment motion, a movant has the
burden of proving that it is entitled to judgment as a matter of law and that there is no
genuine issue of material fact. Tex. R. Civ. P. 166a(c); Black v. Victoria Lloyds Ins.
Co., 797 S.W.2d 20, 23 (Tex. 1990); Farah v. Mafrige & Kormanik, P.C., 927
S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no writ). We may affirm a
summary judgment only when the record shows that a movant has disproved at least
one element of each of the plaintiff’s claims or has established all of the elements of
an affirmative defense as to each claim. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Farah, 927 S.W.2d at 670. In deciding whether there is a
disputed material fact issue precluding summary judgment, proof favorable to the
non-movant is taken as true, and the court must indulge every reasonable inference
and resolve any doubts in favor of the non-movant. Randall’s Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31,
33–34 (Tex. App.—Houston [1st Dist.] 1994, writ denied).
          When a summary judgment does not specify the grounds on which the trial
court granted it, the reviewing court will affirm the judgment if any theory included
in the motion is meritorious. Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d
170, 173 (Tex. 1995); Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d 20, 25 (Tex.
App.—Houston [1st Dist.] 1995, writ denied).
Declaratory Judgment Action
          In his first issue, Lannie argues that the trial court erred in rendering summary
judgment in favor of appellees because his action for declaratory relief was
“predicated upon events both subsequent and extrinsic to the previous judgment.” 
Appellees counter that summary judgment was appropriate because Lannie’s
declaratory action “constitutes an impermissible collateral attack that seeks to modify
or interpret a final judgment.” 
          The purpose of a declaratory action is to establish existing rights, status, or
other legal relations. Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex.
1995); see Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). A
declaratory judgment is appropriate only if there is a justiciable controversy about the
rights and status of the parties and the declaration will resolve the controversy. 
Beadle, 907 S.W.2d at 467. A trial court has discretion to enter a declaratory
judgment so long as it will serve a useful purpose or will terminate the controversy
between the parties. Id. at 468.
          A collateral attack is an attempt to avoid the binding force of a judgment in a
proceeding not instituted for the purpose of correcting, modifying, or vacating the
judgment, but in order to obtain some specific relief which the judgment currently
stands as a bar against. Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005). 
Collateral attacks on final judgments are generally disallowed because it is the policy
of the law to give finality to the judgments of the courts. Tice v. City of Pasadena,
767 S.W.2d 700, 702–03 (Tex. 1989) (quoting Crouch v. McGaw, 134 Tex. 633, 138
S.W.2d 94, 96 (1940)). Only a void judgment may be collaterally attacked. 
Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). A judgment is void only
when it is apparent that the court rendering judgment “had no jurisdiction of the
parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the
particular judgment, or no capacity to act.” Id. 
          Here, Lannie does not contend that the judgment is void. Instead, he asserts
that “[b]y demanding monies far in excess of the amounts established by their
subsequent testimony in the bankruptcy proceedings, Harvey and Hebert directly
created [] ‘uncertainty and insecurity’ in the respective rights of the parties.” Lannie,
relying in part upon these “judicial admissions of appellees,” contends that he is
entitled to pursue declaratory relief in order to establish an offset on the previous
judgment and “thus resolve the uncertainty created by the appellees as to [the] amount
of [Lannie’s] current indebtedness.” Lannie also notes that appellees have in fact
received settlement funds transferred to Emmons under the August 27, 1997 order. 
He asserts that he is seeking an accounting of funds received by appellees that would
constitute an offset or credit towards the 1998 judgment.
          In support of his argument that his claim for declaratory judgment is not an
impermissible collateral attack on the previous judgment, Lannie relies on Bonham
State Bank v. Beadle. 907 S.W.2d at 468. In Beadle, a bank obtained a judgment
against several parties, including Beadle, for $1,650,000. 907 S.W.2d at 466. 
However, in a separate legal proceeding, Beadle and another party obtained a
judgment against the bank for $75,000. Id. at 466. In light of the two judgments, the
bank filed a declaratory judgment action in order to treat the $75,000 adverse
judgment obtained by Beadle as an offset from the bank’s $1,650,000 judgment
obtained against Beadle. Id. at 466–67. The court of appeals characterized the
bank’s declaratory judgment action as an attempt to “interpret” the previous
judgments rendered between the parties and dismissed the action. Id. at 468. The
Texas Supreme Court reversed, holding that the bank’s attempt to establish an offset
on the previous judgment constituted “a bona fide, concrete controversy ripe for
resolution by way of declaratory judgment.” Id. at 467. In support of its analysis, the
court cited numerous authorities from other jurisdictions in which declaratory relief
was utilized to establish offsets on previous judgments. Id. at 468–69. 
          Beadle applies to situations in which there are two previous, final judgments,
held by each party against the other. Here, however, Lannie holds no judgment
against appellees nor does he assert that he is entitled to recover any amount from
appellees. Also, Lannie’s contention that Harvey’s and Hebert’s testimony in the
bankruptcy proceeding “judicially estopped” them from claiming that Lannie owes
more than the stated amount cannot be properly understood as a request for an offset
toward the previous judgment. Moreover, Lannie cannot now raise, by way of his
declaratory judgment action, the issue of an offset on the underlying judgment based
on any amounts sent to Emmons because the August 27, 1997 order was entered prior
to the March 24, 1998 judgment. See Barr v. Resolution Trust Corp., 837 S.W.2d
627, 628 (Tex.1992) (holding res judicata precludes relitigation of claims that have
been finally adjudicated or that arise out of same subject matter and that could have
been litigated in prior action). The August 27, 1997 order and any payments tendered
as a result were neither subsequent nor extrinsic to the judgment such as to entitle
Lannie to establish an offset through a declaratory action. See Beadle, 907 S.W.2d
at 466–67.
          Lannie, in support of his arguments, also relies on our recent decision in Fort
Bend County v. Martin-Simon, 177 S.W.3d 479 (Tex. App.—Houston [1st Dist.]
2005, no pet.). In Martin-Simon, Martin-Simon’s father deeded to her a one-fourth
interest in certain property. Id. at 482. Taxing entities then sued Martin-Simon’s
father and any unknown heirs for delinquent taxes due on the property. Id. On the
same date, in a separate cause, the taxing entities sued Martin-Simon for delinquent
taxes on her undivided one-fourth interest in the same property. Id. In response to
the second cause, Martin-Simon paid the delinquent taxes on the undivided one-fourth interest in the property, and the taxing entities dismissed the suit. Id. 
Martin-Simon then filed an answer and counterclaim for declaratory judgment in the
lawsuit against her father and any unknown heirs, alleging the affirmative defenses
of payment, accord and satisfaction, and release. Id. The trial court entered a
declaratory judgment in favor of Martin-Simon, stating that she had paid the taxes on
her one-fourth undivided interest in the property conveyed to her by her father. Id. 
In affirming the trial court’s judgment, we explained that Martin-Simon’s declaratory
judgment did not seek to “interpret[] or clarify” the previous judgment. Id. at 483 
We held that a justiciable controversy existed in the first lawsuit regarding Martin-Simon’s liability for delinquent taxes and that a declaratory action was appropriate
to resolve the dispute. See id at 483–84.
          Martin-Simon is substantively distinguishable from the instant case. It is not
clear from the limited transcript of the bankruptcy proceedings provided in the record
whether Harvey and Hebert, in testifying regarding the amount “still owed” by
Lannie, were referring to all amounts due under the 1998 judgment (including
damages for breach of contract and post judgment interest) or simply the amounts due
under the parties’ original agreement. Nevertheless, Lannie may not use this
testimony as a basis to modify or interpret the amount owed under the March 24,
1998 judgment because such action would constitute an impermissible collateral
attack. See Speaker v. Lawler, 463 S.W.2d 741, 742–43 (Tex. Civ. App.—Beaumont
1971, writ ref’d n.r.e.) . 
          Again, a review of the record reveals that the August 27, 1997 order required
that settlement payments be sent directly to Emmons. Thus, Lannie had an
opportunity to argue for any appropriate “offset” prior to the rendition of the March
24, 1998 judgment. In seeking an offset for any payments made pursuant to the
August 27, 1997 order, Lannie, in effect, seeks a recalculation of what is owed under
the March 24, 1998 judgment, which constitutes an impermissible collateral attack. 
See Prostok, 165 S.W.3d at 346–47. Lannie has not asserted in his petition for
declaratory judgment or in his briefing that he has made previous, uncredited
payments toward the 1998 judgment. Instead, Lannie’s declaratory action focuses on
the testimony of Harvey and Hebert at the bankruptcy proceeding and the subsequent
settlement demand made by Emmons & Jackson, P.C. However, any attempt to re-litigate the claims in a new lawsuit, even if based on new information, constitutes a
collateral attack on the prior judgment. See id. The amount of Lannie’s liability to
Harvey and Hebert under the March 24, 1998 judgment was fully and finally litigated
in the underlying cause and may not now be challenged in Lannie’s declaratory
judgment action.
          Given the summary judgment evidence, the record does not support a finding
that the “current indebtedness” of Lannie under the March 24, 1998 judgment is a
justiciable controversy that would appropriately be the subject of a declaratory
judgment action. Because Lannie seeks to modify or recalculate the amount of the
March 24, 1998 judgment, we conclude that his declaratory judgment action
constitutes an impermissible collateral attack on that judgment. See id. at 346–47. 
Accordingly, we hold that the trial court did not err in granting summary judgment
in favor of appellees. 
          We overrule Lannie’s first issue.
Attorney’s Fees and Accounting
          Having held that the trial court did not err in granting summary judgment in
favor of appellees, we further hold that the trial court did not err in its award of
attorney’s fees to appellees. Moreover, having held that Lannie’s declaratory action
to be an impermissible collateral attack, we conclude that the trial court did not abuse
its discretion in dismissing his action for an accounting premised upon the same
grounds.
          We overrule Lannie’s second and third issues. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Terry Jennings
                                                                        Justice 
 
Panel consists of Justices Jennings, Hanks, and Higley.