**Affirmed as Modified and Memorandum Opinion filed September 20, 2018.**



**In the**

# Fourteenth Court of Appeals

---

### NO. 14-17-00099-CV

---

**THE PEOPLES CLUB OF NIGERIA, USA, AND THE PEOPLES CLUB OF NIGERIA INTERNATIONAL, Appellants**

**v.**

**ALPHONSUS OKPARA, ERNEST ONWUHARONYE, JUDE AKUECHIAMA, CLEMENT EZEBUIKE, ANTHONY AGU, HAROLD AGIM, SAN EJIOFOR, CHRISTIAN ASHIBUOGWU, JOHN ORANSANYE, NATHANIEL EZE, C.A.C. DIKE, OBINNA UJARI, TONY NWOSAH, BATRAM UZOWURU, ANTHONY OPARA, JERRY ANYAEHIE, KINGSLEY NWASURUBA, NWALUPUE IMMANUEL, POLYCARP OBIMAH, MARK DIKE, CHIKA IHEGWORO, CYPRIAN OBIOZOR, EMMANUEL DIRIBE, BALO NGUMEZI, DANIEL OSUAGWU, ALOYSIUS IKWUEZUNMA, HYACINTH OMELUDIKE, JULIUS NWADINOBI, PROF. GODSON OSUJI, HYACINTH IKEGBUNAM, NICK IHEKORONYE, IKE N.A. WAOBIKEZE, CHUDY NSOBUNDU, HYGINUS OSONDU, SAM ONWUHARONYE, TINA EZIEFULE, ANUSIEM NWANERI, JACKSON IHEOMAMERE, NICK IGBOKWE, BEN ONUNZE, OKEY OKPARA, PETER ONYEWUENYI, INNOCENT IKE, EVERETT ONWUMERE, LINUS NWANNA, JUDE OKAFOR, FESTUS UZOKWE, ROBERT EZIRIKE, GODSPOWER EGBE, CHINWE EBGUNA, PATRICIA IZUEGBU, NICK OBIH, COLLINS UWAKWE, UCHEGBULEM EZE, NNAMDI OPARANOZIE, ALOYSIUS**

**AGUGO, OKEY OKONKWO, OKEY OKOROJI, EDWIN EMEAKAROHA, GODWIN AKOBUNDU, ANDREW ANUGWOM, EMMANUEL MBIDOKA, ULOMA DURU, LILIAN CHINEDO, INNOCENT DURU, CYRIL NWIGWE, GOODSON ONYEDIRI, EMMANUEL NNABUIFE, AND CHRIS OZUO, Appellees**

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2013-68785**

---

**M E M O R A N D U M   O P I N I O N**

This appeal arises from a dispute over the expulsion of the chairman and other members of the Houston branch of a Nigerian social organization. The trial court signed an order granting a directed verdict and attorney's fees: in favor of appellee/defendant/third-party plaintiff Alphonsus Okpara (Okpara[1]); in favor of appellees/intervenors/counter- and cross-defendants Okpara and other individuals;[2] against appellant/plaintiff/intervention-defendant/counter-claimant The Peoples Club of Nigeria, USA (PCN USA); and against appellant/third-party

---

[1] Hereafter, all usage of the surname Okpara without a first name refers to Alphonsus Okpara.

[2] The individuals who pleaded in intervention are Ernest Onwuharonye, Jude Akuechiama, Clement Ezebuike, Anthony Agu, Harold Agim, San Ejiofor, Christian Ashibuogwu, Alphonsus Okpara, John Oransanye, Nathaniel Eze, C.A.C. Dike, Obinna Ujari, Tony Nwosah, Batram Uzowuru, Anthony Opara, Jerry Anyaehie, Kingsley Nwasuruba, Nwalupue Immanuel, Polycarp Obimah, Mark Dike, Chika Ihegworo, Cyprian Obiozor, Emmanuel Diribe, Balo Ngumezi, Daniel Osuagwu, Aloysius Ikwuezunma, Hyacinth Omeludike, Julius Nwadinobi, Prof. Godson Osuji, Hyacinth Ikegbunam, Nick Ihekoronye, Ike N.A. Waobikeze, Chudy Nsobundu, Hyginus Osondu, Sam Onwuharonye, Tina Eziefule, Anusiem Nwaneri, Jackson Iheomamere, Nick Igbokwe, Ben Onunze, Okey Okpara, Peter Onyewuenyi, Innocent Ike, Everett Onwumere, Linus Nwanna, Jude Okafor, Festus Uzokwe, Robert Ezirike, Godspower Egbe, Chinwe Ebguna, Patricia Izuegbu, Nick Obih, Collins Uwakwe, Uchegbulem Eze, Nnamdi Oparanozie, Aloysius Agugo, Okey Okonkwo, Okey Okoroji, Edwin Emeakaroha, Godwin Akobundu, Andrew Anugwom, Emmanuel Mbidoka, Uloma Duru, Lilian Chinedo, Innocent Duru, Cyril Nwigwe, Goodson Onyediri, Emmanuel Nnabuife, and Chris Ozuo. We refer to them collectively as the Intervenors.

defendant/cross-claimant The Peoples Club of Nigeria International (PCN).[3]

The PCN appellants bring three issues on appeal. They contend that: (1) the trial court erred by granting equitable relief to Okpara and the Intervenors based on the doctrines of judicial nonintervention and unclean hands, and the trial court reached erroneous conclusions in its order granting directed verdict; (2) the trial court erred by awarding attorney's fees to Okpara's counsel; and (3) the trial court erred by assessing costs against PCN. We modify the trial court's order by deleting its second conclusion. In all other respects, we affirm the trial court's judgment.

## I. BACKGROUND

PCN is a social organization, an international club with members from Nigeria, the United States, Great Britain, and Canada. PCN is headquartered in Onitsha, Nigeria. In 2013, there were 44 branches of PCN, worldwide. PCN operates pursuant to the 1996 Amended National Constitution (1996 Constitution). In addition, the National Executive Committee (NEC) of PCN operates pursuant to a set of "Bye Laws."[4] PCN provides "social welfare" to its members, as well as benefits "such as assistance and relief in sickness, accident, disablement and distress." Branch members in the United States pay an annual "social security scheme premium" to PCN USA, the United States-based subsidiary of PCN, for these benefits.[5] As of 2013, Okpara and the Intervenors were members of The Peoples Club of Nigeria, Houston Branch (PCN Houston). Okpara was the chairman of PCN Houston.

---

[3] We refer to PCN USA and PCN together as the PCN appellants.

[4] "Bye Law" 6 provides: "Whenever there is a conflict between these bylaws and the constitution, the lat[t]er shall prevail."

[5] Section 20 of the 1996 Constitution governs the "Social Security Scheme."

In early 2013, certain individuals[6] brought a lawsuit in Nigeria against PCN. On February 14, 2013, PCN issued a letter directing all branch chairmen and secretaries to "condemn the suit in writing" by April 2, 2013. On February 19, 2013, PCN issued another letter to all members directing all branches to "condemn the said court action in strongest terms" and forward to PCN a copy signed by the branch chairman and secretary. The letter also directed all PCN members "in America" "to henceforth relate and take directives from the National/International Headquarters and relate with only" two certain PCN individuals "till further notice." PCN Houston, along with several other branches, did not condemn the Nigerian lawsuit in writing.

On June 10, 2013, PCN issued an "Invitation to an Extraordinary General Meeting [p]ursuant to section 12(c) of the 1996 amended constitution" to be held in Onitsha on June 29, 2013. The meeting was to discuss "important matters that borders [sic] on the welfare of our club." Section 12(c) of the 1996 Constitution, entitled "Extra-Ordinary General Meetings," provides: "Extra-Ordinary General Meetings of all the members shall, subject to fourteen (14) days['] notice, be summoned by the National Secretary on the order of the National Executive Committee or President. 2/3 (two third) of the branches present shall form a quorum."

On June 28, 2013, PCN issued a "Querry" to all branches and members "for non-compliance with the national directive" and requested that they state why they should not be subject to "disciplinary actions," with a two-week deadline to respond.

On June 29, 2013, PCN held the extraordinary general meeting. Fifty PCN members from 21 Nigerian branches attended the June 29 meeting. At the

---

[6] PCN referred to these individuals as "a non-member and 'stakeholders' of the club."

extraordinary general meeting, "the following resolutions were made":

1. That in order to curb the increasing rate of indiscipline and insubordination amongst the branches of the Club, the Central Executive Committee (National Executive Committee) is henceforth empowered to dissolve the Executive Committee of any such branch that has shown gross indiscipline and/or insubordination to the authorities of the Club, notwithstanding anything contained in the Club's Constitution.

2. That the said Committee is further empowered to suspend or expel any person or persons that violate the provisions of the Constitution or resists the Resolution in paragraph (1) above, notwithstanding anything contained in the Club's Constitution.

3. That every such dissolution, suspension or expulsion in paragraph (1) and (2) above shall be ratified or approved by the Governing Council.

4. That a Power of Attorney be donated to all or any of the Patrons and/or National Officers of the Club resident in America to prosecute and/or defend any lawsuit on behalf of the Club or its members in America and Canada, in pursuant to [sic] or in consequence of the above Resolutions.

PCN issued a "Special Resolution" containing these resolutions.

In July 2013, there was a convention in Dallas, Texas. Conventions take place every two years and involve "all branches here in the United States, with some representative[s] from the international group." During the convention, on July 20, 2013, an NEC or Central Executive Committee (CEC) meeting took place. Under section 11(a)(ii) of the 1996 Constitution, the NEC has the power to dissolve "the branch executive in cases of high handedness, inefficiency, incessant[] disputes, financial irregularities and other malpractices on an application signed by at least ONE-THIRD (1/3) of the financial members of the branch." At the CEC meeting, the PCN members in attendance voted to dissolve the executive committee of PCN

5

Houston, as well as the executive committees of various other branches.[7] The PCN Houston executive committee "was found guilty of insubordination to the Club's national leadership and conduct inconsistent with the aims and objectives of the Club." Due to "gross misconduct and insubordination," the PCN Houston executive committee was dissolved. PCN directed Okpara "to handover the charter" to the caretaker committee.

On August 9, 2013, PCN issued a "Final Notice" to Okpara and other ousted branch chairmen, directing them to hand over their charters and branch property and stating that any member not "up-to-date" on his social security scheme fund "shall be suspended and his/her name removed from the Club membership." In August 2013, Okpara attempted to send the social security payments from PCN Houston members to PCN. The funds were returned. On August 22, 2013, PCN notified Okpara that he was indefinitely suspended. On October 4, 2013, PCN issued a "Communique" stating that PCN Houston members who did not register with the caretaker committee were no longer "active members." On October 25, 2013, PCN informed Okpara of his "final expulsion." The PCN Houston members who "followed" Okpara also were expelled.

In November 2013, PCN USA sued Okpara, asserting claims for breach of fiduciary duty, conversion, fraud, and theft under the Texas Theft Liability Act. PCN USA further sought a declaratory judgment that Okpara was properly removed from office, was lawfully suspended from the club, has no authority to act on behalf of the club or hold himself out as chairman, and another individual (Chief Obinna Mbachu) was lawfully appointed as the caretaker chairman. PCN USA applied for a temporary restraining order and requested temporary and permanent injunctions

---

[7] These branches included Toronto, Princeton Junction, San Francisco, Washington, D.C., Chicago, and Miami.

against Okpara. PCN USA also requested attorney's fees. The trial court granted a TRO.

Okpara answered and filed a "third party claim original petition for declaratory judgment" against PCN. Okpara sought to have the actions of PCN declared "invalid and u[ltra]-vires for failure to comply with the Bylaws . . . and the 1996 Amended Constitution." Okpara requested attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

The Intervenors (which included Okpara) filed a plea in intervention, seeking damages from PCN USA resulting from the TRO.[8]

PCN USA and PCN filed a "counterclaim and cross-action" against the Intervenors (including Okpara), seeking a declaratory judgment that the Intervenors were properly suspended and expelled from PCN USA, have no right to access club property or attend club functions related to PCN USA, have no affiliation or association with PCN, are not entitled to hold any office in PCN USA, are not entitled to possess any club property or monies, and are not permitted to hold themselves out as members of PCN USA. PCN USA and PCN requested their attorney's fees in obtaining such declarations.

In September 2016, the case proceeded to trial. PCN USA and PCN nonsuited all their claims except those for declaratory relief. After PCN USA and PCN rested their case, Okpara and the Intervenors moved for directed verdict. The trial court granted the motion. The trial court heard evidence on attorney's fees.

On November 7, 2016, the trial court signed its "Order Granting Directed Verdict and Attorney's Fees." The trial court ordered:

> 1. That the June 29, 2013 Special Resolution be, and it is hereby,

---

[8] The record only contains the second amended plea in intervention.

declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws;

2. That the July 2013 Dallas Convention be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws;

3. That the July 20, 2013 removal of Defendant, Dr. Alphonsus Okpara be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws;

4. That the July 20, 2013 removal of the executive committee of Peoples Club of Nigeria USA as it existed before and on July 20, 2013 be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws; and[]

5. That the suspension and termination of membership of Defendant and Intervenors in refusal of Peoples Club of Nigeria International for nonpayment of 'social security' payments of and from Defendant and Intervenors be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws.

In addition, the trial court ordered that Okpara's attorney Jimmie Brown recover reasonable and necessary attorney's fees, as were equitable and just, in the amount of $94,815.00 from PCN USA. The trial court ordered that PCN USA and PCN take nothing on their claims and that all court costs be taxed against them.

PCN USA and PCN filed a "motion for new trial, or in the alternative, motion to modify the judgment," which was overruled by operation of law. PCN USA and PCN timely appealed.

## II. ANALYSIS

## A. Directed verdict

At the close of the PCN appellants' evidence, Okpara moved for a directed verdict. Okpara argued there was conclusive evidence that the Special Resolution "was entered in violation of" various clear and unambiguous provisions of the 1996 Constitution and that the removal of the PCN Houston executive committee was void. The Intervenors also moved for a directed verdict, arguing that their expulsions were not accomplished "according to the terms of the constitution." The PCN appellants responded that their witnesses testified that the removal and expulsions were "compliant with the constitution," which created a fact issue for the jury. The trial court granted the motions for directed verdict.

A court may direct a verdict if no evidence of probative force raises a fact issue on the material questions presented. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). "A trial court properly directs a verdict when a plaintiff fails to present evidence raising a fact issue essential to its right of recovery or the evidence conclusively establishes the movant's right to judgment as a matter of law." *Kelley v. Aldine Indep. Sch. Dist.*, No. 14-15-00899-CV, 2017 WL 421980, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2017, pet. denied) (mem. op.) (citing *Gomer v. Davis*, 419 S.W.3d 470, 475 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). "In reviewing a directed verdict, we analyze the legal sufficiency of the evidence; we must determine if there is any conflicting evidence of probative value that raises a material fact issue." *Id.* We consider the evidence in the light most favorable to the party against whom the verdict was directed, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Robertson v. Odom*, 296 S.W.3d 151, 155 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

## 1. Unclean hands

Within their first issue, the PCN appellants contend that Okpara and the Intervenors cannot rely on any due process requirements in the 1996 Constitution where they failed to "come to court with clean hands." According to the PCN appellants, Okpara and the Intervenors who followed him chose to ignore constitutional provisions that "did not serve their ends."

The doctrine of unclean hands is based on the equitable principle that a party seeking equity must come into court with clean hands; the doctrine may bar a party from obtaining equitable relief. *See Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988). Whether a party has come into court with unclean hands is a matter entrusted to the sound discretion of the trial court. *Willis v. Donnelly*, 118 S.W.3d 10, 38 (Tex. App.—Houston [14th Dist.] 2003), *rev'd in part on other grounds*, 199 S.W.3d 262 (Tex. 2006). The party claiming unclean hands bears the burden of showing that it was seriously injured by the other party's unlawful or inequitable conduct. *Id.* Without this showing, application of the doctrine is not justified. *Id.*

The record does not reflect that the PCN appellants raised the doctrine of unclean hands in the trial court. We need not decide whether to consider the doctrine sua sponte for the first time on appeal,[9] however, because the PCN appellants do not argue, much less present evidence showing, that they were seriously harmed by any of Okpara's or the Intervenors' actions. *See id.*; *see also Stafford v. S. Vanity Magazine, Inc.*, 231 S.W.3d 530, 536 n.4 (Tex. App.—Dallas 2007, pet. denied). We overrule this subissue.

---

[9] *Cf. Thomas v. McNair*, 882 S.W.2d 870, 880 n.5 (Tex. App.—Corpus Christi 1994, no writ).

## 2. Judicial nonintervention

Next, the PCN appellants argue that the doctrine of judicial nonintervention should be applied against Okpara because he did not present evidence regarding the value of his PCN Houston chairmanship. The PCN appellants ask this court "to bear in mind that the only 'valuable right or property interest' at stake in this case belongs to" PCN USA, not Okpara.

The general rule in Texas is that courts do not exercise jurisdiction over the affairs and internal management of voluntary nonprofit associations. *Stevens v. Anatolian Shepherd Dog Club of Am., Inc.*, 231 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). However, "[d]espite this general rule, courts will interfere in the inner-dealings of a private association if a valuable right or property interest is at stake" or where the complaint involves due process of a member of the association. *Id.* at 75. Our court holds that judicial nonintervention or noninterference is not a "jurisdictional rule" subject to de novo review. *Id.* Rather, since this determination involves the weighing of factors and exercise of discretion, we review a trial court's decision, if any, for abuse of discretion. *See id.* at 75–76.

The PCN appellants do not point us to, and we have not found, where in the record they requested that the trial court apply the doctrine of judicial nonintervention to decline to exercise jurisdiction over Okpara's claim. Nor does the record reflect that the trial court ever ruled on the application of the doctrine. Because judicial nonintervention is a non-jurisdictional issue and the PCN appellants failed to preserve it, we overrule this subissue.[10] *See* Tex. R App. P. 33.1.

---

[10] Even if it had been preserved, it is unclear how the doctrine in practice would apply, if at all, since PCN USA and PCN brought declaratory-judgment claims against Okpara, the trial court granted a directed verdict in favor of Okpara on the PCN appellants' claims, and Okpara does not bring any cross-issue concerning what had been his third-party claim against PCN.

11

### 3. The trial court's legal conclusions

The PCN appellants also argue that the trial court in its order reached multiple erroneous conclusions regarding the invalidity of various actions taken by the PCN appellants. No party argues, nor do we find, that any provision of the 1996 Constitution or the "Bye Laws" at issue is ambiguous. Therefore, we construe the pertinent provisions as a matter of law, *see First Bank v. Brumitt*, 519 S.W.3d 95, 106 (Tex. 2017), and consider whether the evidence as considered in the light most favorable to the PCN appellants otherwise raised any material fact issue.

To begin, the PCN appellants challenge the trial court's first conclusion: "That the June 29, 2013 Special Resolution be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws." Under section 12(c) of the 1996 Constitution, two-thirds of the 44 PCN branches (at least 29 branches) had to be present at the extraordinary general meeting to form a quorum. The evidence conclusively established that fewer than 29 branches attended the June 29 meeting.[11] Therefore, there was not a sufficient quorum present at the extraordinary general meeting to properly pass any resolution, including one that would have empowered the NEC to dissolve branch executive committees for indiscipline and insubordination,[12] or to suspend or expel members for violating the 1996 Constitution or resisting the Special Resolution.

---

[11] The attendance records indicate that members from 21 PCN branches, all from Nigeria, attended the June 29 meeting.

[12] In their brief, the PCN appellants acknowledge that the Special Resolution was intended to "suspend[] organizational constitutional requirements with regard to such dissolution." However, under section 27 of the 1996 Constitution, entitled "Amendments," no such "suspension" of the constitution can take place without "[a]t least sixty (60) clear days['] notice of any motion for addition, alteration or amendment . . . given before the Annual General Meeting." There was no evidence that this notice of motion requirement was met.

12

The PCN appellants apparently do not contest on appeal that the extraordinary general meeting resulting in the Special Resolution was not convened as a proper meeting under the 1996 Constitution. Instead, the PCN appellants argue that "[a]bsent some showing by Okpara that he was losing a valuable right by having his chairmanship removed . . . Okpara had no standing to complain." The PCN appellants again cite authority on the judicial nonintervention doctrine.[13] However, we already have determined that the PCN appellants failed to preserve this issue. The trial court did not err in its first conclusion.

The PCN appellants next challenge the trial court's second conclusion: "That the July 2013 Dallas Convention be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws." They argue no evidence suggests that the July 2013 Dallas convention violated the 1996 Constitution or any bylaws. We agree. There was no evidence that any PCN or PCN USA document provides for or otherwise governs the biennial conventions, which essentially take place so members can "meet" and "network." There was no evidence that any such convention, including the one which took place in Dallas in July 2013, was otherwise void under Texas law. We sustain this subissue and conclude that the trial court erred in its second conclusion.

The PCN appellants further challenge the trial court's third and fourth conclusions:

3. That the July 20, 2013 removal of Defendant, Dr. Alphonsus Okpara be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws;

---

[13] *See Haedge v. Cent. Tex. Cattlemen's Ass'n*, No. 07-15-00368-CV, 2016 WL 5929596, at *4–5 (Tex. App.—Amarillo Oct. 11, 2016, pet. denied) (mem. op.).

13

4. That the July 20, 2013 removal of the executive committee of Peoples Club of Nigeria USA as it existed before and on July 20, 2013 be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws[.]

The PCN appellants point to section 11 of the 1996 Constitution, entitled "Committees," arguing that the evidence showed the NEC holds the authority to remove a branch chairman and dissolve a branch executive committee.[14] Section 11(a)(ii) of the 1996 Constitution grants the NEC power to "dissol[ve] . . . the branch executive in cases of high handedness, inefficiency, incessant[] disputes, financial irregularities and other malpractices on an application signed by at least ONE-THIRD (1/3) of the financial members of the branch." However, the evidence conclusively showed that Okpara and the PCN Houston executive committee were removed and dissolved based on their "insubordination" and "indiscipline"—not for any reason authorized by section 11(a)(ii). At trial PCN expressly acknowledged there were "no violations" under subsection (ii). Also, even if Okpara and the PCN Houston executive committee had been removed pursuant to one of the reasons listed in section 11(a)(ii), the evidence at trial conclusively established that there was "never" any application, "letter," or "complaint" signed by one-third of the PCN Houston members complaining of such issues by the branch executive. As a matter

---

[14] The PCN appellants could not rely on the June 29 Special Resolution as a basis for the NEC or CEC's authority to remove Okpara or dissolve the PCN Houston executive committee; we already have determined the trial court's conclusion that the June 29 Special Resolution was void is correct. Nor could the PCN appellants rely on "Bye Law" 1(e) and (f) to support any removal. This bylaw provides that "[a]ll members of the [NEC] . . . shall obey the directives or instructions or decisions, e.t.c [sic] of the General meetings of the Club" and that NEC members who are "unable or unwilling to carry out such directives or instructions or decisions[] shall be removed . . . by two third (2/3) majority vote of the [NEC]." Assuming the February 2013 letters constituted directives, instructions, or decisions, there was no evidence that they were issued pursuant to any PCN general meeting properly convened under section 12 of the 1996 Constitution, entitled "Meetings."

of law, Okpara and the rest of the PCN Houston executive committee therefore could not have been properly removed pursuant to section 11(a)(ii).  Finally, we again reject the PCN appellants' argument regarding Okpara's lack of "standing."  The trial court did not err in its third and fourth conclusions.

Lastly, the PCN appellants challenge the trial court's fifth conclusion: "That the suspension and termination of membership of Defendant and Intervenors in refusal of Peoples Club of Nigeria International for nonpayment of 'social security' payments of and from Defendant and Intervenors be, and it is hereby, declared void as being violative of Texas law[,] the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996[,] and Bylaws."  Section 17 of the 1996 Constitution governs "Loss of Benefits & Membership of the Club."  Under section 17(b)(ii), a PCN member can be expelled if he "[f]ails to pay the Social Security Scheme Premium as and when due."  The PCN appellants contend there was some evidence that Okpara and the Intervenors did not pay social security funds to those authorized to receive the payments.

However, even if Okpara and the Intervenors failed to pay social security, section 17 further requires certain notice and procedures prior to any expulsion:

(b)(v) . . . Before any such member is expelled the Secretary of the Club shall give him at least Fourteen days['] written notice to attend a general meeting at which the causes of the complaints against him shall be discussed.

(c)(i) No member shall be expelled under this section without first having an opportunity of appearing before the club at its General Meeting and answering complaints made against him unless at least two-thirds of the members then present vote in favor of his expulsion.  He may however be expelled if after receiving notice of this meeting at which the complaints against him shall be discussed he shall fail to attend the meeting.

The PCN appellants do not cite any evidence—and they presented no probative

15

evidence at trial—that they provided Okpara or any of the Intervenors with such notice or an opportunity to answer complaints of nonpayment of social security funds at a general meeting prior to their expulsion.[15]  The only evidence was that no such notice was ever provided.  The trial court did not err in its fifth conclusion.

We conclude that the trial court did not err in directing a verdict in favor of Okpara and the Intervenors on the PCN appellants' declaratory-judgment claims. However, because we conclude the trial court erred in making its second conclusion that the Dallas convention is void, we modify the trial court's order to delete its second conclusion.

## B.  Attorney's fees award

In "any proceeding" under the Uniform Declaratory Judgments Act (UDJA), "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."  Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2013).  The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law."  *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  The award of attorney's fees is not dependent on a finding that the party "substantially prevailed."  *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996).  "The trial court is not required to award attorney's fees to the prevailing party in a declaratory judgment and may award attorney's fees to the nonprevailing party."  *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 522 S.W.3d 471, 494 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "Thus, the attorney's fees provision grants the trial court broad discretion to

---

[15] Again, the PCN appellants could not rely on the June 29 Special Resolution as a basis for expelling Okpara and the Intervenors for nonpayment of social security.  *See supra* note 14.

(i) afford all parties the opportunity to request fees; (ii) decline to award fees; and (iii) allow an award only when reasonable, necessary, equitable, and just." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.). To find an abuse of discretion, the trial court must have ruled arbitrarily, unreasonably, or without reference to any guiding principles, or ruled without any supporting evidence. *See Bocquet*, 972 S.W.2d at 21.

In the second issue, PCN USA challenges the trial court's award of attorney's fees under the UDJA. PCN USA contends that the trial court erred by awarding the fees directly to Brown. Texas courts hold that section 37.009 does not provide for an award of attorney's fees directly to a party's attorney. *See, e.g.*, *Nu-Way Energy Corp. v. Delp*, 205 S.W.3d 667, 684 (Tex. App.—Waco 2006, pet. denied); *Transp. Ins. Co. v. Franco*, 821 S.W.2d 751, 755 (Tex. App.—Amarillo 1992, writ denied); *cf. Fort Bend Cty. v. Martin–Simon*, 177 S.W.3d 479, 486 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("A claim for attorney's fees belongs to the litigant, not to his attorney."). However, if the attorney's fee award is otherwise proper, a trial court's error in awarding fees directly to counsel generally is not reversible because of lack of standing, *see Martin–Simon*, 177 S.W.3d at 486, or lack of harm, *see Transp. Ins.*, 821 S.W.2d at 755–56. PCN USA relies on *Nu-Way Energy v. Delp*, arguing that it has standing because it "has an obvious interest in how its monies are spent and the legitimacy of any payment to Mr. Brown." We find *Nu-Way Energy* distinguishable because PCN USA did not file suit against Okpara to collect on a judgment and is not a judgment creditor of Okpara. *Cf.* 205 S.W.3d at 684. Moreover, PCN USA fails to explain how the trial court's awarding fees to Brown instead of Okpara causes PCN USA harm. *See Transp. Ins.*, 821 S.W.2d at 755–56. We overrule this subissue.

Next, PCN USA again complains of Okpara's "unclean hands" and argues

17

that the award of attorney's fees was improper because "Okpara's misfeasance as Chairman of PCN-Houston branch should disqualify him from any award of attorneys' fees." PCN USA did not present this argument to the trial court during the evidentiary hearing on attorney's fees and did not include it in its motion for new trial or alternatively to modify the judgment. In any event, PCN USA points to much of the same trial evidence considered by the trial court in concluding that Okpara's removal as chairman of PCN Houston was void and in directing the verdict in Okpara's favor. Under these circumstances, we conclude that the trial court did not abuse its broad discretion in taxing "equitable and just" attorney's fees against PCN USA under the UDJA. *See Bocquet*, 972 S.W.2d at 21.

PCN further attacks the amount of the attorney's fee award. According to PCN USA, Okpara did not timely supplement his discovery responses regarding the details of Brown's fees. *See* Tex. Rs. Civ. P. 193.5, 193.6. PCN USA argues that "the only information Okpara provided in advance of trial indicated attorneys' fees of $15,000," and therefore he should be limited to that amount of recovery.[16] PCN USA objected to the admission of evidence of Brown's fees above this amount at the evidentiary hearing. However, counsel for PCN USA acknowledged that he "definitely" had been made aware of Okpara's $94,815 fee demand several weeks prior to the hearing and therefore was not unfairly surprised or prejudiced. Consequently, the trial court refused to limit Brown's testimony. *See id.* 193.6(a)(2). Under these circumstances, we cannot conclude that the trial court abused its discretion. *See Sprague v. Sprague,* 363 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (review of rule 193.6 ruling is for abuse of discretion).

We overrule PCN USA's challenge to the attorney's fee award.

---

[16] PCN USA does not otherwise attack the $94,815 amount of fees as being unreasonable or unnecessary.

18

## C. Costs award

In the third and final issue, PCN challenges the trial court's taxing of costs against it because third-party plaintiff Okpara abandoned his claim against PCN. According to PCN, because Okpara was not a successful party as to PCN, it cannot be taxed with costs.

Rule 131 of the Texas Rules of Civil Procedure provides: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. Whether a party is a successful party under rule 131 is "based upon success upon the merits, not upon damages." *Perez v. Baker Packers*, 694 S.W.2d 138, 143 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *see May v. Ticor Title Ins.*, 422 S.W.3d 93, 102 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("When determining whether court costs are appropriate, a court should consider the judgment rather than the verdict."). Therefore, "[a] defendant who obtains a take-nothing judgment is a successful party." *Indus. III, Inc. v. Burns*, No. 14-13-00386-CV, 2014 WL 4202495, at *14 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, pet. denied) (mem. op.). Where a defendant is a successful party, it is appropriate to award it costs. *Id.* We review a trial court's allocation of costs for abuse of discretion. *Id.*

In their "counterclaim and cross-action," both PCN USA *and* PCN asserted declaratory-judgment claims against all the Intervenors, which included Okpara. The trial court ordered that both PCN USA *and* PCN "take nothing on their respective claims." We find nothing inappropriate in the trial court's decision to assess costs against PCN and in favor of Okpara.

We overrule PCN's challenge to the cost award.

### III. CONCLUSION

We modify the trial court's "Order Granting Directed Verdict and Attorney's Fees" by deleting "2. That the July 2013 Dallas Convention be, and it is hereby, declared void as being violative of Texas law the Peoples Club of Nigeria Amended National Constitution Onitsha Nigeria 1996 and Bylaws[.]" We otherwise affirm.

/s/ Marc W. Brown
Justice

Panel consists of Justices Busby, Brown, and Jewell.